UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AMELIA ESPOSITO,

                           Plaintiff,                       <u>MEMORANDUM
                                                                      OPINION AND ORDER</u>
            -against-
                                                                         CV 09-0421 (DRH) (ETB)

ANDREW FRANCIS., et al.

                           Defendants.
------------------------------------------------------------------X

      Before the Court is plaintiff's motion for reconsideration of the Court's order dated September 23, 2011, granting in part and denying in part plaintiff's sixth motion for extension of time to complete discovery. For the following reasons, the motion is DENIED.

      This action commenced on January 30, 2009, with the filing of a summons and complaint. The case is a civil rights action that arises out of the arrest and involuntary commitment of plaintiff, Amelia Esposito, to the psychiatric ward at Stony Brook University Medical Center ("Medical Center") on February 2, 2008. (Third Amended Complaint at 1). The Third Amended Complaint names as defendants two physicians and a nurse employed by the Medical Center, as well as the County of Suffolk. (Third Amended      Complaint at 2). (The original complaint named eight physicians, a nurse, two Suffolk County police officers, and the Medical Center (<u>see</u> Complaint at 3-5)).

      The action raises issues relating to the use of restraints on plaintiff, as well as plaintiff's demand to be taken or transferred to a Catholic hospital due to her religious views regarding the Medical Center's performance of abortions. (<u>See</u> Third Amended Complaint at 5-9).

      The Court issued its Initial Order on February 24, 2009. The Initial Order states that

extensions to a scheduling order of up to 120 days "shall be granted on good cause," but that "[a]ny further modification shall only be granted upon a showing of manifest injustice." Order at 2 (Feb. 24, 2009), ECF No. 4 ("Initial Order"). On July 7, 2009, the Court set a discovery completion date of April 15, 2010. See Minute Entry (July 7, 2009), ECF No. 17. On October 22, 2009, in light of a 30-day stay of discovery, the Court reiterated to the parties that discovery could be extended for up 120 days from April 5, 2010, for good cause shown. See Minute Entry (Oct. 22, 2009), ECF No. 24. After that, pursuant to the Initial Order, the standard changed to a showing of manifest injustice. Initial Order at 2.

On April 28, 2010, the discovery schedule was extended 260 days to December 31, 2010, including experts. See Minute Entry (Apr. 28, 2010), ECF No. 25. The order extending the discovery deadline reiterated that "[t]here will be no further extensions except to avoid manifest injustice." Id. On December 21, 2010, all discovery was extended once again, until April 19, 2011. See Endorsed Order (Dec. 21, 2010). On March 29, 2011 discovery was extended at the request of the parties for a third time–to May 30, 2011. See Endorsed Order (Mar. 29, 2011). On May 18, 2011, a fourth extension was granted–to July 15, 2011. See Endorsed Order (May 18, 2011). The Court stated at that time, "This is the final extension." Id. Notwithstanding this admonition, by letter motion dated July 27, 2011, the Court received a fifth request for an extension. (See Letter Motion for Extension of Time to Complete Discovery (July 27, 2011), ECF No. 36). It was clear from plaintiff's letter motion that she needed time to submit an expert report and also needed to depose the defendant nurse and a representative of the Suffolk County Police Department. (See id. at 1). Plaintiff requested an extension until September 15, 2011,

which the Court reluctantly granted, noting that this fifth extension was the final extension.  See Endorsed Order (Aug. 10, 2011).

Notwithstanding these latest admonitions, plaintiff's counsel on September 22, 2011 sought still a further extension of discovery–the sixth.  (See Letter Motion for Extension of Time to Complete Discovery at 1 (Sept. 22, 2011), ECF No. 37).  Plaintiff noted a tentative agreement to conduct the deposition of an unnamed witness on October 5, 2011.  (See id.).  The motion states that there is one further deposition as yet unscheduled, but provided no information as to the name of the deponent or any reason for the failure to conduct the other deposition during the previous five discovery extensions in this action.  (See id.).  Nor is there any representation that the additional deposition was ever scheduled by plaintiff's counsel during the almost 27 months of open discovery in this action.  (See id.).  Based on that request, the Court certified all discovery as complete except for the tentatively scheduled deposition on October 5, 2011.  Endorsed Order (Sept. 23, 2011).  The Court extended discovery for that deposition to October 14, 2011 due to the unconfirmed status of that deposition and denied the request in all other respects.  Id.

Now plaintiff requests reconsideration of that order and an extension of discovery to November 30, 2011. It is obvious from the above recounting of the record that scheduling orders mean very little to plaintiff and in particular to plaintiff's counsel in this action.  It is clear to the undersigned that plaintiff's counsel is litigating this action on her own schedule rather than the Court's.  Plaintiff now seeks reconsideration of the Court's September 23, 2011 order in a three-page application, in contrast to the underlying one-page original request described above.  (See Letter Motion for Reconsideration of Court's 9/23/11 Scheduling Order (Sept. 28, 2011), ECF

3

No. 38). Plaintiff's counsel now asserts a litany of health-related issues and other excuses for the record. (See id. at 1). There is no explanation for not including such information in the original application.

The record here reflects that the Court was more than generous in granting extensions. I further note that plaintiff's counsel is at Touro Law Clinic and not a sole practitioner. For that reason, other counsel for the clinic should have stepped into this action–probably many extensions ago.

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause." Fed. R. Civ. Proc. 16(b)(4); see also Local Civil Rule 16.2 ("In any case referred to a Magistrate Judge, the Magistrate Judge may issue or modify scheduling orders pursuant to Fed. R. Civ. P. 16(b)."). "A finding of good cause depends on the diligence of the moving party. Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003). Plaintiff's original application for the sixth extension of the discovery deadline did not even attempt to establish her diligence. Instead, it merely asserted that the four attorneys involved could not find an "agreeable date to conduct the final depositions." (See Letter Motion for Extension of Time to Complete Discovery at 1 (Sept. 22, 2011), ECF No. 37). As noted above, discovery has been open since July 7, 2009, a period of well over 2 years. Plaintiff has had amply opportunity to conduct discovery in this action. See Harris v. Computer Assocs. Int'l, Inc., 204 F.R.D. 44, 45 (E.D.N.Y. 2001) ("Discovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery."). In addition, notwithstanding the fact that the Initial Order requires any request for modification of a scheduling order to be filed prior to the discovery

4

completion date, see Initial Order at 2, plaintiff filed the sixth request for an extension on September 22, 2011, one week after the close of discovery pursuant to the Court's fifth extension. See Endorsed Order (Aug. 10, 2011) (setting discovery deadline at Oct. 15, 2011); Letter Motion (Sept. 22, 2011), ECF No. 37. This untimeliness further "weighs heavily against [the request] being granted." Gotlin v. Lederman, No. 04-CV-3736, 2009 WL 2843380, at *7 (E.D.N.Y. Sept. 1, 2009) (citing NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd., 262 F.Supp.2d 134, 151-52 (S.D.N.Y. 2003) and Harris, 204 F.R.D. at 45). Because plaintiff failed to meet the "good cause" standard, she certainly could not meet the "manifest injustice" standard that should have governed the sixth extension request.

Moreover, plaintiff has likewise not even attempted to meet the requirements for a motion for reconsideration. "Motions for reconsideration in this district are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court." Nasca v. County of Suffolk, No. CV 09-0023, 2010 WL 3713186, at *3 (E.D.N.Y. Sept. 13, 2010). Because reconsideration is an extraordinary remedy to be applied sparingly, "Local Civil Rule 6.3 is narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court." Id. (internal quotation marks omitted). A party seeking reconsideration "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Gill v. Gilder, No. 95 Civ. 7933, 1997 WL 419983, at *2 (S.D.N.Y. July 28, 1997). Thus, a movant may not base a reconsideration motion on "new facts, issues, or arguments not previously presented." Morangelli v. Chemed Corp., 275 F.R.D. 99, 123 (E.D.N.Y. 2011) (internal quotation marks omitted) (citing Nat'l Union Fire Ins. Co. of

Pittsburgh v. Stroh Cos., 265 F.3d 97, 115 (2d Cir. 2001)).

Here, plaintiff has provided facts not contained in the original application in an attempt to sway the Court from its original (and fully supportable) decision. This is not permitted. Plaintiff has not pointed to any controlling decision that were overlooked. Indeed, the motion for reconsideration is devoid of any legal support (as was the sixth application for an extension of time).

For the foregoing reasons, the request for reconsideration is DENIED.

**SO ORDERED:**

Dated: Central Islip, New York
September 30, 2011

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge